IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GAYILA BOLDEN, LA TANJA BOLDEN<br>　　*Plaintiff,*<br><br>v.<br><br>NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:16-cv-3575 |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Gayila Bolden and La Tanja Bolden v. Nationwide General Insurance Company*; Cause No. 2016-74885, in the 157th Judicial District of Harris County, Texas.

### I.
### BACKGROUND

1.　Plaintiffs Gayila and La Tanja Bolden (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2016-74885, in the 157th Judicial District of Harris County, Texas on October 27, 2016 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2.　Defendant appeared and answered on November December 2, 2016, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a complete copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 157th Judicial District Court of Harris County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiffs are domiciled in Harris County, Texas. *See* Plaintiffs' Original Petition, **Exhibit A**, ¶ 2.1. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

10. Plaintiffs' Original Petition states that Plaintiffs "seek monetary relief over $100,000." *See* Plaintiffs' Original Petition, **Exhibit A**, ¶ 1.1; *see also id.* at ¶ 9.1 ("All damages . . . exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.") The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

1. Plaintiffs further seek compensation for (1) actual damages, (2) consequential damages, (3) mental anguish, (4) 18% penalty interest, (5) treble damages, (6) attorney's fees, and (7) pre and post-judgment interest. *See* Plaintiffs' Original Petition, **Exhibit A,** ¶¶ 7.2-7.7, 9.2-10.1, and 13.1. Plaintiffs have alleged that Defendant's conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* Plaintiffs' Original Petition, **Exhibit A,** ¶ 9.3; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

2. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* Plaintiffs' Original Petition, **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1]   *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

3. Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

4. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 5th day of December, 2016.

Jesse S. Corona                                                                                                  **_7196 9008 9111 1861 7052_**
The Corona Law Firm, PLLC
521 N Sam Houston Pkwy E., Suite 420
Houston, Texas 77060
jesse@thecoronalawfirm.com

                                                                        _/s/ Patrick M. Kemp_
                                                                        Patrick M. Kemp